JAMES M. RUSSELL, Esquire, *against* the COMMONWEALTH.

IN ERROR.

A writ of error will not lie to the opinion of the Court of Common Pleas, discharging a person, on a writ of *habeas corpus*, from servitude.

This was a writ of error to Bedford county, to remove the record and proceedings upon a *habeas corpus* which issued to *James M. Russell*, Esquire, for the body of *Charity Brogden*.

*Charity Brogden*, the negro woman who claims her freedom, was a slave for life in Maryland, and was there sold at public sale, by the sheriff, on an execution against her master. Mr. *Russell*, the respondent, who was the surety of the master for the debt for which the said slave was sold, became a bidder, and purchased the slave in due form, according to the laws of Maryland.

A deed of manumission was executed by Mr. *Russell* to *Charity*, on consideration of her serving him for a certain term of years. An indenture was then executed and acknowledged before the proper officer in Maryland, dated 16th October, 1821, between Mr. *Russell* and *Charity*, by which she voluntarily binds herself to serve said *Russell*, his heirs, &c. in the state of Pennsylvania, for the term of ten years, from 15th October, 1821. Mr. *Russell* covenants to find her sufficient meat, drink, clothing, washing and lodging, &c. and one dollar when free, &c. Previous to the dispute, Mr. *Russell* remitted on the indenture the three last years of servitude. At the time the deed and indenture were executed, *Charity* was forty years of age, and at the time the writ of *habeas corpus* issued in this case, she was forty-five years of age.

Upon the single fact of the age of *Charity* being forty-five years when the writ issued, the court of common pleas, (*Tod*, president,) discharged the applicant, at the same time saying that they did not know what the opinion of the court would have been, if *Charity* had been but thirty years of age, or any period less than forty-five years.

But their opinion is formed upon the facts as they are, and that to hold *Charity* under the circumstances, would be contrary to the spirit of the laws of Pennsylvania, for the gradual abolition of slavery.

In this court, two points are made.

1st. Will a writ of error lie to remove the judgment of the court of common pleas, rendered upon a *habeas corpus*.

2d. Was the court right in their opinion by which they discharged *Charity* from servitude.

*M°Culloch* and *Russell* for the plaintiff in error.

No appearance for defendant in error.

(James M. Russel, Esq. *v.* the Commonwealth.)

The cause was submitted without argument; and the writ was quashed, on the ground that no writ of error will lie to remove a judgment upon a *habeas corpus.*